UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS FERNANDO LORENZO, *individually and on behalf of others similarity situated*,<br><br>Plaintiffs,<br><br>-against –<br><br>12 CHAIRS BYN, LLC (D/B/A 12 CHAIRS CAFÉ), RON KEREN (AKA RON KEEREN), RONEN GRADY, and MAAYAN GLASS,<br><br>Defendants. | Civil Action No.: 1:22-cv-00947<br><br>**ANSWER** |

The Defendants, 12 CHAIRS BYN, LLC (D/B/A 12 CHAIRS CAFÉ) ("Defendant Corporation"), RON KEREN (AKA RON KEEREN), RONEN GRADY, and MAAYAN GLASS ("Individual Defendants"), (hereinafter referred to, collectively, as the "Defendants"), by and through their attorneys, Koutsoudakis & Iakovou Law Group, PLLC, hereby respond with their answer to the allegations in the Complaint dated February 22, 2022 (the "Complaint") as follows:

## NATURE OF THE ACTION

1. Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 1.

2. Defendants admit Defendant Corporation owns, operates, or controls a restaurant named 12 Chairs Café at 342 Wythe Avenue, Brooklyn, New York 11211 and otherwise deny the remainder of the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants admit that 12 Chairs Café employed Plaintiff Lorenzo and otherwise deny the remainder of the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 9.

10. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 10.

11. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 11.

## JURISDICTION AND VENUE

12. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 12.

13. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 13.

## PARTIES

*Plaintiff*

14. Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 14.

15. Defendants admit that 12 Chairs Café employed Plaintiff Lorenzo and otherwise deny the remainder of the allegations in Paragraph 15.

16. Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 16.

*Defendants*

17. Defendants admit that 12 Chairs Café is a Middle Eastern restaurant located at 342 Wythe Avenue, Brooklyn, New York 11211, and otherwise deny the remainder of the allegations in Paragraph 17.

18. Defendants admit that 12 Chairs Café is a domestic corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 342 Wythe Avenue, Brooklyn, New York 11249, and otherwise deny the remainder of the allegations in Paragraph 18.

19. Defendants admit that Ron Keren is an individual who possesses an ownership interest in Defendant Corporation, but otherwise deny the remainder of the allegations in Paragraph 19.

20. Defendants admit that Ronen Grady is an individual who possesses an ownership interest in Defendant Corporation, but otherwise deny the remainder of the allegations in Paragraph 20.

21. Defendants admit that Maayan Glass is an individual employed by Defendant Corporation, but otherwise deny the remainder of the allegations in Paragraph 21.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants admit that Defendant Corporation operates a Middle Eastern restaurant located in the Williamsburg section of Brooklyn, but otherwise deny the remainder of the allegations in Paragraph 22.

23. Defendants admit that Defendants Keren and Grady possess ownership interests in Defendant Corporation, but otherwise deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28 (a) – (h).

29. Defendants deny the allegations in Paragraph 29.

30. Defendants admit that Defendant Corporation had a gross annual volume of sales on or above $500,000, and otherwise deny the remainder of the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

### *Individual Plaintiff*

32. Defendants admit that Plaintiff is a former employee of Defendant Corporation and otherwise deny the remainder of allegations in Paragraph 32.

33. Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in Paragraph 33.

### *Plaintiff Luis Fernando Lorenzo*

34. Defendants admit that Plaintiff is a former employee of Defendant Corporation and otherwise deny the remainder of allegations in Paragraph 34.

35. Defendants admit that Plaintiff is a former employee of Defendant Corporation and otherwise deny the remainder of allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

### *Defendants' General Employment Practices*

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

## FLSA COLLECTIVE ACTION CLAIMS

71. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

## FIRST CLAIM

**(FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201, *et seq.*)**

74. Defendants repeat and reassert each and every answer set forth above as if recounted at length herein.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants admit that Defendant Corporation was engaged in commerce and otherwise deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

## SECOND CLAIM

### (FLSA – Unpaid Overtime Wages, 29 U.S.C. § 201, *et seq.*)

81. Defendants repeat and reassert each and every answer set forth above as if recounted at length herein.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

## THIRD CLAIM

### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650, *et seq.*)

85. Defendants repeat and reassert each and every answer set forth above as if recounted at length herein.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

## FOURTH CLAIM

### (NYLL – Unpaid Overtime Wages)

90. Defendants repeat and reassert each and every answer set forth above as if recounted at length herein.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

## FIFTH CLAIM

### (NYLL – Spread of Hours Pay)

94. Defendants repeat and reassert each and every answer set forth above as if recounted at length herein.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

## SIXTH CLAIM

### (NYLL WTPA – Failure to Provide Wage Notices)

98. Defendants repeat and reassert each and every answer set forth above as if recounted at length herein.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

## SEVENTH CLAIM

### (Violation Of the Wage Statement Provisions of the NYLL)

101. Defendants repeat and reassert each and every answer set forth above as if recounted at length herein.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

## RESPONSE TO PLAINTIFFS' PRAYER OF RELIEF

The Defendants assert that the Plaintiff is not entitled to any of the relief from the Defendants as sought in the Plaintiff's Prayer of Relief, including subparagraphs (a) through (r).

## AFFIRMATIVE AND OTHER DEFENSES

The Defendants assert the following affirmative defenses without assuming any burden of production of proof that they would not otherwise have. The Defendants further assert that, to the extent that the Plaintiff's claims as alleged are vague or unclear, so as to render it difficult or impossible to identify and assert every possible affirmative or other defense, the Defendants hereby expressly reserve their rights to assert additional defenses should further proceedings in this action, including the progress of any discovery, reveal that such additional defenses would be applicable and appropriate.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted, and therefore the Complaint must be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York State Law. Therefore, the state law claims must be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendant's state, in the alternative, if necessary, that if they are found to have violated any law or regulation, that any such violation was not willful.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendants acted in good faith to comply with the FLSA and the NYLL, and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiff for liquidated damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because such actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. Therefore, the Complaint must be dismissed.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not in violation of the FLSA or the NYLL. Therefore, the Complaint must be dismissed.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207, or the NYLL. Therefore, the Complaint must be dismissed.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any. Therefore, the Complaint must be dismissed.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

If Plaintiff succeeds in establishing a violation under the FLSA or the NYLL, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or

released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above their wages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA and/or the NYLL.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA or the NYLL. Therefore, the Complaint must be dismissed.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any equitable relief because they have an adequate remedy at law. Therefore, the Complaint must be dismissed.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during discovery.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of waiver, laches, estoppel, ratification, acquiescence, or and/or unclean hands, and therefore must be dismissed.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiff, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff as forth in the Complaint. Therefore, the Complaint must be dismissed.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action thereof, is barred – or the damages flowing therefrom reduced – because Plaintiff failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations. Therefore, the Complaint must be dismissed.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of liquidated damages under both FLSA and NYLL with respect to the same violation. As such, Plaintiff's allegations of entitlement to both in the Complaint are improper and must be dismissed.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's wage notice and wage statements claims under the NYLL are barred because Plaintiff received all compensation due them. Therefore, the Complaint must be dismissed.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, in whole or in part, and Defendants reserve the right to seek relief under Rule 11 of Federal Rules of Civil Procedure, together with any other appropriate relief.

**WHEREFORE**, the Defendants respectfully request that judgment be entered by this Court dismissing each and every claim in the Complaint with prejudice and granting such further relief as may be just and proper.

Dated: New York, New York
March 16, 2022

Respectfully submitted,

**KOUTSOUDAKIS & IAKOVOU LAW GROUP, PLLC**

By:    */s/ Andreas Koutsoudakis*
Andreas Koutsoudakis, Esq. (AK-4162)
Steven Siegler, Esq. (SS-1224)
40 Wall Street, Floor 49
New York, NY 10005
Tel.: (212) 404-8609
Fax: (332) 777-1884
andreas@kilegal.com
steven@kilegal.com
*Attorneys for Defendants 12 Chairs BYN, LLC, Ron Keren, Ronen Grady, and Maayan Glass*