UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LUIS FERNANDO LORENZO,
*individually and on behalf of others similarly
situated*,

                 Plaintiff,

- against -

12 CHAIRS BYN, LLC D/B/A 12 CHAIRS
CAFE, and MAAYAN GLASS,

                 Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**

22-CV-947 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

This partial summary judgment motion presents a single issue—whether the Fair Labor Standards Act's ("FLSA") two-year or three-year statute of limitations applies to Plaintiff's overtime and minimum wage claims brought under that statute. If the statute of limitations is two years, the undisputed facts show that Defendants did not violate the FLSA during that time. If it is the longer, three-year period, Plaintiff's FLSA claims survive the instant motion and may proceed to trial.

Defendants 12 Chairs BYN, LLC d/b/a 12 Chairs Café ("12 Chairs") and Maayan Glass ("Glass") (collectively, "Defendants") have moved for summary judgment against Plaintiff Luis Fernando Lorenzo ("Plaintiff") on his two FLSA claims, arguing that, based on the undisputed material facts, Plaintiff cannot prove that Defendants engaged in willful conduct under the statute, so as to extend the statute of limitations from two to three years under the FLSA. (*See generally* Defs.' Mem. of L. in Supp. of Partial Summ. J., Dkt. 26-14 (hereinafter "Defs.' Mot.").) Plaintiff counters that there is evidence of Defendant's willful conduct, thus justifying the three-year statute of limitations. (*See generally* Pl.'s Opp'n to Defs.' Mot., Dkt. 27-1 (hereinafter "Pl.'s Opp'n").)

1

For the reasons that follow, the Court grants Defendants' motion for partial summary judgment and dismisses Plaintiff's FLSA claims.[1]

## BACKGROUND

I.    **Relevant Facts**[2]

A.    **Plaintiff's Employment at 12 Chairs**

Defendant 12 Chairs is a café located in Williamsburg, Brooklyn.  (Defs.' Rule 56.1 Statement, Dkt. 26-1 (hereinafter "Defs.' 56.1 Statement"), ¶ 6.)  Plaintiff was employed at 12 Chairs as a line cook beginning in July 2016.  (*Id.* ¶ 7.)  In June or July of 2018, Defendant Glass became Head Chef.  (*Id.* ¶ 8.)  Around the time Glass became Head Chef—i.e., June or July of 2018—Plaintiff's work hours were 7:00 a.m. to 4:00 p.m.,[3] with a one-hour meal break, six days

---

[1] Plaintiff also asserts wage claims under the New York Labor Law ("NYLL"), which Defendants are not seeking to dismiss in their summary judgment motion.  However, as discussed *infra*, given the dismissal of the only federal claims in this action, the Court is *sua sponte* declining to exercise supplemental jurisdiction over Plaintiff's NYLL claims, which are being dismissed without prejudice to renew in state court.

[2] Unless otherwise noted, a standalone citation to a party's 56.1 statement denotes that this Court has deemed the underlying factual allegation undisputed.  Any citation to a 56.1 statement incorporates by reference the documents cited therein; where relevant, however, the Court may cite directly to an underlying document.  The Court construes any disputed facts in the light most favorable to Plaintiff, as the non-moving party, for purposes of Defendant's summary judgment motion.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  However, where Plaintiff either (i) admits or (ii) denies without citing to admissible evidence certain of the facts alleged in Defendants' Local Rule 56.1 Statement (Dkt. 26-1), the Court may deem any such facts undisputed.  *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York 56.1(c)–(d).

[3] Although it is undisputed that Glass began working at 12 Chairs in June or July of 2018, Plaintiff, in his opposition brief, disputes "the timeframe in which [Plaintiff's] work hours changed" to a 7:00 a.m. to 4:00 p.m. arrangement, despite having testified at his deposition that, when Glass was Head Chef, his hours were 7:00 a.m. to 4:00 p.m. six days a week.  (Pl.'s Counterstatement of Material Fact, Dkt. 27-2 (hereinafter "Pl.'s Counterstatement"), ¶ 16.)  Based on the evidentiary record, the Court finds it undisputed that Plaintiff worked the hours he testified to at his deposition.

per week, equaling eight hours per day, or 48 hours per week. (*Id.* ¶ 16; *see also* Tr. of Pl.'s Dep., Dkt. 26-6 (hereinafter, "Tr. of Pl.'s Dep."), 41:21-25.) When the COVID-19 pandemic hit New York City in 2020, 12 Chairs reduced Plaintiff's hours to 8:00 a.m. to 3:00 p.m., four days per week. (Defs.' 56.1 Statement, ¶ 30.) Plaintiff quit his job at 12 Chairs on or about May 28, 2020 "because it was not convenient for [him] anymore, because [12 Chairs] decreased [his] shift hours and because of the minimum wage that [Defendants] were paying." (*Id.* ¶ 31; *see also* Tr. of Pl.'s Dep., 41:10-17.) It is undisputed that between February 22, 2020 and May 28, 2020, Plaintiff did not work overtime. (Defs.' 56.1 Statement, ¶ 32.)

**B.    Defendants' Relevant Minimum Wage and Overtime Procedures**

Before the instant lawsuit was filed, 12 Chairs was previously sued in the Eastern District of New York for violations of the minimum wage and overtime provisions of the FLSA and related state-law violations. (*See generally* Compl., *Rucuch v. 12 Chairs BYN, LLC*, No. 17-CV-7424 (E.D.N.Y. Dec. 20, 2017), ECF No. 1.) In the aftermath of the *Rucuch* litigation—which resulted in a settlement between the parties—Defendants implemented procedures to comply with the FLSA's timekeeping and payroll requirements. (Defs.' 56.1 Statement, ¶ 14; *see also* 12/5/2019 Min. Entry, *Rucuch*, No. 17-CV-7424 (E.D.N.Y. Dec. 20, 2017).) Plaintiff does not dispute the fact that timekeeping and payroll measures were implemented but disputes the timing of such implementation. (*See* Pl.'s Counterstatement, ¶ 14.) Nonetheless, it is undisputed that at some point between June or July 2018 and March 13, 2019, at the latest, 12 Chairs began to pay Plaintiff, in compliance with the FLSA, overtime pay at the rate of one-and-a-half times his normal hourly rate. (*See id.* ¶ 17.) Also, at some point around the time Glass became Head Chef, or at some point in 2019, 12 Chairs instituted a punch clock procedure using a Point of Sale ("POS") system to track employee hours. (Defs.' 56.1 Statement, ¶ 9; Pl.'s Counterstatement, ¶ 11.) After the

3

POS system's installation, 12 Chairs began issuing weekly wage statements to its employees. (Defs.' 56.1 Statement, ¶ 11.)  In support of Defendants' assertion that they maintained accurate records and complied with minimum wage requirements, they have submitted approximately 30 representative wage statements documenting, *inter alia*, Plaintiff's hourly wage, overtime rate, days worked, overtime hours, and break hours.  (*See* Wage Statements, Dkt. 26-10.)[4]

Around the time the COVID-19 pandemic hit New York City in 2020, Plaintiff's hours were reduced from approximately 48 hours per week to approximately 28 hours per week.  (*See* Defs.' 56.1 Statement, ¶ 30.)  Based on the undisputed evidence, Plaintiff did not work any overtime—which, for purposes of the FLSA, are any hours worked over 40 hours per week, *see* 29 U.S.C. § 207(a)(1)—between February 22, 2020, and May 28, 2020, which was Plaintiff's last day of work at 12 Chairs.  (Defs.' 56.1 Statement, ¶ 32.)  Plaintiff was also paid the required minimum wage between February 22, 2020, and May 28, 2020.  (*Id.* ¶ 33.)[5]

## II.  Procedural History

Plaintiff initiated this action, naming as defendants 12 Chairs, Ron Keren ("Keren"), Ronen Grady ("Grady"), and Glass, on February 22, 2022.  (*See* Compl., Dkt. 1 (hereinafter, "Compl.").)  Plaintiff asserted seven causes of action under both the FLSA and various New York state labor laws.  Of relevance to this motion, Plaintiff alleged: (1) a violation of the minimum wage

---

[4] Most of the wage statements are undated, but the few that are, bear dates in 2019.  (*Id*.)

[5] While the Court is unable to determine if the parties' minimum wage references relate to the federal or New York City minimum wage requirements, the Court notes that the wage statements provided by Defendants show that Plaintiff was paid anywhere from $14.00 to $16.29. (*See generally* Dkt. 26-10.)  These wages appear to be minimum wages in line with New York City's requirements.  However, because Plaintiff does not dispute that he was paid the minimum wage from February 22, 2020 to May 28, 2020, (*see* Pl.'s Counterstatement, ¶ 34 ("Plaintiff accepts that he was paid the minimum wage from February 22, 2020 to May 28, 2020[.]")), the Court does not analyze this issue further.

provisions of the FLSA, 29 U.S.C. § 206(a) ("First Cause of Action"); and (2) a violation of the overtime provisions of the FLSA, 29 U.S.C. § 207(a)(1) ("Second Cause of Action").  (*See* Compl., ¶¶ 74–84.)   On March 16, 2022, Defendants answered the Complaint. (*See* Dkt. 13.)   After unsuccessful attempts at mediation, the parties engaged in discovery and attended a pre-settlement status conference held by the Honorable Taryn A. Merkl on December 19, 2022. (*See* 12/19/2022 Min. Entry.)

On January 6, 2023, the parties stipulated to the dismissal of all claims asserted against Defendants Keren and Grady, which the Court ordered on January 9, 2023.  (*See* Dkt. 22; *see also* 1/9/2023 Docket Order.)  The sole defendants remaining in this action are 12 Chairs and Glass. On January 13, 2023, Defendants filed a pre-motion conference ("PMC") request regarding their anticipated motion seeking partial summary judgment on Plaintiff's two FLSA claims. (*See* Dkt. 23.) The Court denied Defendants' PMC request as unnecessary and the parties engaged in motion practice.  (*See* 1/24/2023 Docket Order.)  Defendants' motion for summary judgment was fully briefed on March 10, 2023.  (*See* Dkts. 26–28.)

Defendants argue in their summary judgment motion that Plaintiff has failed to adduce evidence that Defendants willfully violated the FLSA and, because of this, the FLSA's two-year statute of limitations applies to his claims.  (*See* Defs.' Mot., at 4–6.)  The two-year statutory window would be from February 22, 2020 (i.e., two years prior to Plaintiff filing this lawsuit), to May 28, 2020 (i.e., the date that Plaintiff stopped working for Defendants).  Defendants argue that because they have complied with the FLSA standards since approximately 2018 (i.e., in the aftermath of the *Rucuch* litigation), Plaintiff's First and Second Causes of Action must be dismissed.  In response, Plaintiff asserts that Defendants' alleged violations of the FLSA were willful.  (*See generally* Pl.'s Opp'n.)

**LEGAL STANDARD**

To obtain summary judgment, the moving party must establish that "there is no genuine dispute as to any material fact," and, thus, that the party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party.  *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).  "Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of the claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment."  *Chandok v. Klessig*, 632 F.3d 803, 812 (2d Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

"The moving party bears the burden of showing that he or she is entitled to summary judgment."  *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 267 (E.D.N.Y. 2008).  Where the defendant is the moving party, there is "no express or implied requirement" that the defendant "negat[e] [the plaintiff's] claim" with evidence of its own, as long as it "point[s] out to the district court . . . that there is an absence of evidence to support [the plaintiff's] case."  *Celotex Corp.*, 477 U.S. at 323, 325 (emphasis omitted).  Once a defendant has met this burden, the plaintiff must "do[] more than simply rely on the contrary allegation[s] in [his] complaint," and "go beyond the pleadings" to "designate specific facts showing that there is a genuine issue for trial."  *Adickes*, 398 U.S. at 160; *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted); *see also D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998) (explaining that a non-moving party "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence" to defeat summary judgment) (collecting cases).  That is, "a plaintiff opposing summary judgment may not rely on his complaint to defeat the motion[.]"  *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996) (per curiam).  Instead, the party opposing summary judgment must "come forward with specific

facts showing that there is a genuine issue for trial." *Ramirez*, 568 F. Supp. 2d at 267 (emphasis

omitted) (quoting *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002)).

## DISCUSSION

### I.    FLSA Statute of Limitations

As a threshold matter, Defendants argue that the two-year statute of limitations for a

violation of the FLSA bars Plaintiff's First and Second Causes of Action. The "FLSA provides

for a two-year statute of limitations, unless the employer's conduct is 'willful,' in which case, a

three-year statute of limitations applies." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 356

n.13 (E.D.N.Y. 2015); *see also* 29 U.S.C. § 255(a). "For an employer's actions to be willful, the

employer must have 'either [known] or showed reckless disregard for the matter of whether its

conduct was prohibited by the [FLSA].'" *Ramirez*, 568 F. Supp. 2d at 268 (alterations in original)

(quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). However, an "employer

does not willfully violate the FLSA even if it acted 'unreasonably, but not recklessly, in

determining its legal obligation.'" *Clarke v. JPMorgan Chase Bank, N.A.*, No. 08-CV-2400 (CM)

(DCF), 2010 WL 1379778, at *10 (S.D.N.Y. Mar. 26, 2010) (quoting *McLaughlin*, 486 U.S. at

135 n.13)). "[A] failure to keep accurate (or any) records does not rise to the level of reckless

disregard for the law, but is better classified as negligence." *Hernandez v. La Cazuela de Mari*

*Rest., Inc.*, No. 06-CV-1565 (DLI) (RML), 2007 WL 9719347, at *4 (E.D.N.Y. Mar. 2, 2007)

(internal quotation marks omitted) (applying the two-year statute of limitations instead of the three-

year statute of limitations where plaintiffs had not met burden of proving willful conduct). Indeed,

employers have been found not to have engaged in willful conduct even when the employer did

not "take sufficient steps to ensure compliance with the FLSA[.]" *Bowrin v. Cath. Guardian Soc'y*,

417 F. Supp. 2d 449, 475 (S.D.N.Y. 2006).

Defendants claim that "Plaintiff has not produced one shred of documentary evidence to support his claim that Defendants' conduct was willful." (Defs.' Mot., at 5.)  For his part, Plaintiff acknowledges that "according to case law the burden to prove that Defendants willfully violated the FLSA is placed on Plaintiff's shoulders."  (Pl.'s Opp'n, at 4.)  Despite this recognition, however, the Court agrees with Defendants that Plaintiff has entirely failed to carry his burden to prove willful, violative conduct by Defendants.

Instead of marshaling evidence to support his claim of willful conduct, Plaintiff argues that shortcomings in Defendants' proof of compliance with the FLSA's requirements indicates a reckless disregard to comply with the statute.  (*See id.* at 9–10 ("Defendants only produced thirty-one (31) allegedly accurate wage statements to support their assertion that they complied with the FLSA recordkeeping requirement. . . .  Defendants should have been able to produce time and payroll records for approximately one hundred (100) weeks of Plaintiff's work.")  The Court is wholly unpersuaded by Plaintiff's attempt to transform Defendants' claimed FLSA compliance into something that represents the exact opposite.  Evidence of approximately 30 of Plaintiff's wage statements and the installation of the POS system support the inference that Defendants were attempting to comply with the FLSA.  And even assuming *arguendo* that Defendant's evidence suggests less than full compliance with the FLSA, "[w]illfulness cannot be found on the basis of mere negligence or 'on a completely good faith but incorrect assumption that a pay plan complied with the FLSA in all respects.'"  *Bowrin*, 417 F. Supp. 2d at 475 (quoting *Boekemeier v. Fourth Universalist Soc'y in N.Y.*, 86 F. Supp. 2d 280, 288 (S.D.N.Y. 2000)).  Plaintiff's argument is especially unconvincing given the fact that Plaintiff has made no effort to provide any evidence to the contrary, including evidence of bad faith on Defendants' part.  *See Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 323–24 (S.D.N.Y. 2001) (holding that two-year statute of limitations applied

8

because the plaintiff "offered no credible evidence to support his argument that defendants were reckless"); *see also Bowrin*, 417 F. Supp. 2d at 475.

This case is materially distinguishable from cases in which employer-defendants were found to have engaged in willful conduct because they were on notice of their FLSA non-compliance yet failed to take any corrective action. *See, e.g.*, *Galvez v. 800 Ginza Sushi Inc.*, No. 19-CV-8549 (JPC), 2022 WL 748286, at *17–18 (S.D.N.Y. Mar. 11, 2022) (finding willfulness where employer had been subject to prior FLSA lawsuits yet still failed to pay his employees minimum wage and overtime); *cf. Johnson v. M & M Commc'ns, Inc.*, 242 F.R.D. 187, 190 (D. Conn. 2007) (stating, in ruling on a motion to strike, that "defendant's knowledge of its potential violations and its subsequent failure to take corrective action" could be evidence of willful conduct). The record here reflects the opposite, i.e., that Defendants took steps to correct their non-compliance with the FLSA by March 2019 at the latest and made efforts to ensure that employees received appropriate minimum wage and overtime compensation. (*See, e.g.*, Pl.'s Counterstatement, ¶ 17.)

Having concluded that Plaintiff has not carried his burden in showing that Defendants' conduct was willful, the Court holds that the FLSA's two-year statute of limitations applies to Plaintiff's claims.

## II.    **Plaintiff's FLSA Claims Fall Outside of the Statute of Limitations**

With the established statute of limitations period being the approximately three months between February 22, 2020 and May 28, 2020, the Court grants summary judgment to Defendants on Plaintiff's FLSA minimum wage and overtime claims, set forth in his First and Second Causes of Action, respectively. Put simply, it is undisputed that: (1) Plaintiff did not work overtime during the three-month period within the statute of limitations, (*see* Defs.' 56.1 Statement, ¶ 32); and (2)

Plaintiff himself concedes that he was paid the minimum wage during the three-month period within the statute of limitations, (*see id.* ¶ 33).

## III.    Plaintiff's Remaining State-Law Claims

The Court "may decline to exercise supplemental jurisdiction" over Plaintiff's related state-law claims, if, among other things, it has already "dismissed all claims over which it has original jurisdiction," i.e., Plaintiff's FLSA claims.  28 U.S.C. § 1367(c)(3).  In the "usual case in which all federal-law claims are eliminated before trial," the so-called *Gibbs* factors of "judicial economy, convenience, fairness, and comity," which the Court should consider before declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c), will "point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Because the Court grants summary judgment in favor of Defendants, dismissing the only federal claims in this case (i.e., the First and Second Causes of Action), and because the values of judicial economy and comity would best be served by dismissal of Plaintiff's state-law claims, the Court dismisses Plaintiff's state-law claims without prejudice to re-file in state court.  The Court notes that its refusal to exercise jurisdiction over Plaintiff's remaining claims will not cause him any prejudice through the statute of limitations, since New York C.P.L.R. § 205(a) permits a plaintiff "to recommence a dismissed suit within six months without regard to the statute of limitations."  *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2016 WL 1271064, at *13 (S.D.N.Y. Mar. 29, 2016) (quoting *Johnson v. Ultravolt, Inc.*, No. 13-CV-3518 (DRH) (AKT), 2015 WL 541519, at *7 (E.D.N.Y. Feb. 10, 2015)).

## CONCLUSION

For the reasons set forth above, the Court grants summary judgment for Defendants on Plaintiff's FLSA claims.   Therefore, the Court (i) dismisses Plaintiff's FLSA claims with prejudice; and (ii) dismisses his related NYLL claims without prejudice to be re-filed in state court. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 19, 2024
       Brooklyn, New York